SEALE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HUONG LE<br>a/k/a Lynn Le and<br>TIEN CHAU,<br><br>Defendants. | CRIM. NO. 17cr10069<br><br>VIOLATIONS<br><br>18 U.S.C. §371 (Conspiracy to Defraud the United States)<br><br>26 U.S.C. §7202 (Failure to Pay Over Employment Taxes) & 18 U.S.C. § 2<br><br>26 U.S.C. §7212(a) (Corrupt Endeavor to Obstruct and Impede the Due Administration of the Internal Revenue Laws) & 18 U.S.C. § 2 |

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At times relevant to this Indictment,

1. HUONG LE and TIEN CHAU resided in the Commonwealth of Massachusetts, most recently in Worcester.

2. Between in or about 2006 and 2011, HUONG LE and TIEN CHAU owned and operated a temporary staffing agency that operated under at least four different names: Central Boston Staffing Services ("Central"), Metro Boston Staffing Services ("Metro"), General Staffing, Inc. ("General"), and Kim's Staffing, Inc. ("Kim's") (collectively, "the Staffing Agency"). The Staffing Agency specialized in providing workers to various businesses

in Massachusetts and New Hampshire, including manufacturing and food processing factories.

3. HUONG LE and TIEN CHAU operated the Staffing Agency through and under the names of various businesses and individuals. Although the business names and owners of the Staffing Agency nominally changed numerous times between in or about 2006 and 2011, HUONG LE and TIEN CHAU continuously operated and controlled the Staffing Agency at all times.

Temporary Employment Services

4. The term "temporary employment agency" refers to a business that provides client companies with workers, ordinarily on a short-term basis. The employment agency typically handles the administrative and accounting tasks associated with the hiring and employment process, whereas the client company directs the day-to-day work activities of the temporary employees.

5. In temporary employment agency arrangements, the employment agency is ordinarily responsible for paying the employees, withholding and paying over state and federal employment taxes, Social Security and Medicare taxes, and other payroll deductions. The employment agency is also responsible for meeting certain other fiduciary responsibilities of employers, including maintaining workers compensation insurance for the employees. For these services, client companies pay fees to the agency.

6. Fees paid by clients to temporary employment agencies are commonly calculated based on a fixed, hourly rate per worker. Included in that rate are the actual wages paid to the worker; additional expenses such as employment taxes, unemployment insurance, and workers compensation insurance; and any profit margin for the temporary employment agency.

OPERATION OF THE STAFFING AGENCIES

7. Central was a sole proprietorship registered in the Commonwealth of Massachusetts with its principal location in Brockton, Massachusetts. From in or about 2004 through the first quarter of 2008, Central was a temporary employment agency that offered the services of manual laborers to other businesses in Massachusetts and New Hampshire.

8. Central's owner of record was a nominee for the true owners: HUONG LE and TIEN CHAU.

9. From in or around 2006 through the first quarter of 2008 HUONG LE and TIEN CHAU were the persons required to collect, account for on quarterly IRS Forms 941, and pay over to the Internal Revenue Service ("IRS") on behalf of Central, employment taxes imposed on its employees by the Internal Revenue Code.

10. Metro was a sole proprietorship registered in the Commonwealth of Massachusetts with its principal location in Brockton, Massachusetts. From in or about the first quarter of 2008 through the first quarter of 2010, Metro was a temporary employment agency that offered the services of manual laborers to other businesses in Massachusetts and New Hampshire.

11. Metro's owner was a nominee for the true owners: HUONG LE and TIEN CHAU.

12. From on or about the second through the first quarter of 2008 through the first quarter of 2010, HUONG LE and TIEN CHAU were the persons required to collect, account for on quarterly IRS Forms 941, and pay over to the IRS on behalf of Metro Boston Staffing, employment taxes imposed on its employees by the Internal Revenue Code.

13. General was a Commonwealth of Massachusetts corporation with its principal location in Brockton, Massachusetts. During the second through fourth quarters of 2010, General was a temporary employment agency that offered the services of manual laborers to other

businesses in Massachusetts and New Hampshire.

14. General's owner of record was HUONG LE, but both HUONG LE and TIEN CHAU operated the business.

15. From in or about the second through the fourth quarters of 2010, HUONG LE and TIEN CHAU were the persons required to collect, account for on quarterly IRS Forms 941, and pay over to the IRS on behalf of General Staffing, employment taxes imposed on its employees by the Internal Revenue Code.

16. Kim's was a Commonwealth of Massachusetts corporation with its principal location in Brockton, Massachusetts. From in or about the fourth quarter of 2010 through the third quarter of 2011, Kim's was a temporary employment agency that offered the services of manual laborers to other businesses in Massachusetts and New Hampshire.

17. Kim's owner of record was a nominee for the true owners: HUONG LE and TIEN CHAU.

18. From on or about the fourth quarter of 2010 through the third quarter of 2011, HUONG LE and TIEN CHAU were the persons required to collect, account for on quarterly IRS Forms 941, and pay over to the IRS on behalf of Kim's Staffing, employment taxes imposed on its employees by the Internal Revenue Code.

19. At various times, HUONG LE and TIEN CHAU employed over 90 temporary workers through the Staffing Agency, and HUONG LE and TIEN CHAU also employed "site supervisors" and "drivers" who assisted them in finding temporary workers and driving these workers to the job sites.

20. HUONG LE and TIEN CHAU utilized a check-cashing business located in Worcester, Massachusetts, to cash checks paid to the Staffing Agency by its client companies for

services provided.

21. From 2006 through 2011, HUONG LE and TIEN CHAU caused over $11 million in checks from clients of the Staffing Agency to be cashed.

22. In addition to paying most employees cash that was not reported to the IRS, HUONG LE and TIEN CHAU utilized a payroll company to withhold employment taxes, print paychecks, and issue IRS Forms W-2 for a small number of the Staffing Agency's employees. The payroll company was also hired to prepare and electronically file quarterly employment tax returns.

<u>Employment Tax Withholding</u>

23. Any person having authority to exercise significant control over an employer's financial affairs is deemed responsible for collecting, accounting for, and paying over employment taxes, regardless of whether the individual exercised such control in fact. More than one person may be considered a "responsible person" for the purpose of collecting, accounting for, and paying over employment taxes including trust fund amounts and employers' contribution.

24. Pursuant to the Internal Revenue Code and associated statutes and regulations, including the Federal Insurance Contributions Act ("FICA"), employers are required to withhold amounts from the paychecks of their employees to cover individual income, Social Security and Medicare tax obligations. Employers are required to remit these withheld trust fund amounts to the IRS on a periodic basis.

25. In addition to the trust fund amounts that must be withheld from pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes (the "employer contributions"). Such employer contributions are likewise required to be remitted to

the IRS on a periodic basis.

26. Collectively, the five components required to be remitted quarterly are commonly referred to as "employment taxes," which are comprised of the withheld trust fund amounts (individual income, Social Security and Medicare taxes) and the matching Social Security and Medicare portion contributed by the employer.

27. Employment taxes are required to be reported to the IRS by the employer on a Form 941, Employer's Quarterly Federal Tax Return ("Form 941"), due on the last day of the month following the end of a quarter. Employers are required to file a Form 941 four times per year, one for each quarter ending March 31st, June 30th, September 30th, and December 31st.

**COUNT ONE**
**18 U.S.C. § 371**
**Conspiracy to Defraud the United States**

28. The Grand Jury realleges and incorporates by reference paragraphs 1 through 27 of this Indictment and further charges that:

29. Beginning at some time before January 1, 2006 and continuing until on or about October 31, 2011, in the District of Massachusetts and elsewhere, the defendants

HUONG LE and
TIEN CHAU,

and other persons known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together and with each other to defraud the United States by impeding, impairing, obstructing and defeating the lawful government function of the IRS of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue: to wit, employment and income taxes of the Staffing Agency and its employees.

Objects of the Conspiracy

30. The purpose and objectives of the conspiracy were to conceal from the IRS the true size of the Staffing Agency's payroll to reduce employment taxes owed by the Staffing Agency and many of its employees and to enrich themselves from the proceeds.

Manner and Means of the Conspiracy

Among the manner and means by which HUONG LE and TIEN CHAU carried out the conspiracy were the following:

31. TIEN CHAU and HUONG LE cashed and caused to be cashed client checks payable to Central, Metro, General, and Kim's at the check cashing business;

32. TIEN CHAU and HUONG LE paid and caused to be paid cash wages "under-the-table" to most employees of the Staffing Agency;

33. TIEN CHAU and HUONG LE underreported the number of the Staffing Agency's employees and the wages paid to the payroll company, which caused the payroll company to prepare and file false Forms 941 for Central, Metro, General, and Kim's, all of which understated the number of employees of each business and understated the amount of employment taxes owed in each quarter;

34. TIEN CHAU and HUONG LE caused Central, Metro, and Kim's to be registered and incorporated using nominees;

35. TIEN CHAU and HUONG LE caused nominees to open business bank accounts in the name of Central, Metro, and Kim's;

36. TIEN CHAU and HUONG LE caused correspondence to be sent to clients of the Staffing Agency to maintain the same business relationship after the Staffing Agency changed names and nominal owners; and

37. TIEN CHAU and HUONG LE applied for Employer Identification Numbers ("EINs") with the IRS using personal identifying information of nominees for Metro, Central, and Kim's.

Overt Acts

38. In furtherance of the conspiracy and to effect the objects thereof, HUONG LE and TIEN CHAU and their co-conspirators committed the following overt acts, among others, on or about January 2006 through October 2011, in the District of Massachusetts and elsewhere:

a. From on or about January 13, 2006 through on or about December 7, 2010, HUONG LE cashed approximately $6,164,403 in checks payable to Central, Metro, General, and Kim's at the check cashing business;

b. From in or about January 2006 through in or about September 2011, HUONG LE and TIEN CHAU caused others to cash checks payable to Central, Metro, General, and Kim's at the check cashing business in amounts totaling over $4.9 million;

c. From in or about January 2006 through in or about September 2011, HUONG LE and TIEN CHAU, through their site supervisors, office manager, and drivers, paid employees of the Staffing Agency cash wages under-the-table for work the employees performed for various companies with whom the Staffing Agency had contracted to supply temporary workers;

d. On or about each of the dates set forth below, HUONG LE and TIEN CHAU caused false Forms 941 to be prepared and filed with the IRS that underreported quarterly payroll for the entities set forth below, each instance constituting a separate overt act:

| | **Approximate Date Filed** | **Quarter Ended** | **Entity** |
|---|---|---|---|
| (i) | April 30, 2006 | March 31, 2006 | Central |
| (ii) | July 31, 2006 | June 30, 2006 | Central |
| (iii) | October 31, 2006 | September 30, 2006 | Central |
| (iv) | January 31, 2007 | December 31, 2006 | Central |

| | | | |
|---|---|---|---|
| (v) | April 30, 2007 | March 31, 2007 | Central |
| (vi) | July 31, 2007 | June 30, 2007 | Central |
| (vii) | October 31, 2007 | September 30, 2007 | Central |
| (viii) | January 31, 2008 | December 31, 2007 | Central |
| (ix) | April 30, 2008 | March 31, 2008 | Central |
| (x) | July 31, 2008 | June 30, 2008 | Central |
| (xi) | April 30, 2008 | March 31, 2008 | Metro |
| (xii) | July 31, 2008 | June 30, 2008 | Metro |
| (xiii) | October 31, 2008 | September 30, 2008 | Metro |
| (xiv) | January 31, 2009 | December 31, 2008 | Metro |
| (xv) | April 30, 2009 | March 31, 2009 | Metro |
| (xvi) | July 31, 2009 | June 30, 2009 | Metro |
| (xvii) | October 31, 2009 | September 30, 2009 | Metro |
| (xviii) | January 31, 2010 | December 31, 2009 | Metro |
| (xix) | April 30, 2010 | March 31, 2010 | Metro |
| (xx) | July 30, 2010 | June 30, 2010 | Metro |
| (xxi) | July 30, 2010 | June 30, 2010 | General |
| (xxii) | October 31, 2010 | September 30, 2010 | General |
| (xxiii) | January 30, 2010 | December 31, 2010 | General |
| (xxiv) | January 30, 2010 | December 31, 2010 | Kim's |
| (xxv) | April 30, 2011 | March 31, 2011 | Kim's |
| (xxvi) | July 31, 2011 | June 30, 2011 | Kim's |
| (xxvii) | October 31, 2011 | September 30, 2011 | Kim's |

e. On or about December 17, 2004, HUONG LE and TIEN CHAU caused Central to be registered with the city of Boston using a nominee;

f. On December 21, 2004, HUONG LE and TIEN CHAU caused a business bank account to be opened in the name of Central using a nominee;

g. On or about January 17, 2005, HOUNG LE and TIEN CHAU caused to be filed with the IRS a Form SS-4, Application for Employer Identification Number, for Central using a nominee;

h. On or about February 14, 2008, HUONG LE and TIEN CHAU caused Metro to be registered with the Commonwealth of Massachusetts Department of Labor using a nominee;

i. On or about February 21, 2008, HUONG LE and TIEN CHAU caused a business bank account to be opened in the name of Metro using a nominee;

j. On or about February 28, 2008, TIEN CHAU and HUONG LE caused a Memorandum of Understanding to be sent to a client of the Staffing Agency, which contained the signature of a nominee as "owner" of Metro;

k. On or about February 10, 2009, TIEN CHAU and HUONG LE caused a letter containing the signature of a nominee to be provided to the check cashing business, advising that the office manager was employed by Metro and was authorized to cash checks;

l. On or about April 27, 2009, HUONG LE caused false information to be provided to an insurance auditor relating to the payroll of Metro;

m. From on or about June 26, 2009 to on or about June 23, 2010, HUONG LE and TIEN CHAU caused checks from Metro to be issued to HUONG LE in amounts of $9,500 or less, totaling at least $118,000;

n. On or about February 11, 2010, HUONG LE and TIEN CHAU caused General to be incorporated with the Commonwealth of Massachusetts;

o. On or about April 22, 2010, HUONG LE and TIEN CHAU caused a business bank account to be opened in the name of General;

p. On or about September 20, 2010, HUONG LE and TIEN CHAU caused a business bank account to be opened in the name of Kim's using a nominee; and

q. On or about September 23, 2010, HUONG LE and TIEN CHAU caused Kim's to be incorporated with the Commonwealth of Massachusetts using a nominee.

All in violation of Title 18, United States Code, Section 371.

**COUNTS TWO THOUGH THREE**
**26 U.S.C. § 7202**
**Failure to Pay Over Employment Taxes**

39. The Grand Jury realleges and incorporates by reference paragraphs 1 through 27, and 31 through 38, and further charges that:

40. On or about the dates listed in the table below, for each count herein, in the District of Massachusetts, HUONG LE and TIEN CHAU did willfully fail to fully collect, account for, and pay over to the Internal Revenue Service all of the federal income taxes withheld and FICA taxes due and owing to the United States on behalf of Metro Boston Staffing and its employees, for each of the following quarters:

| Count | Date (on or about) | Quarter end |
|---|---|---|
| 2 | April 30, 2010 | March 31, 2010 |
| 3 | July 30, 2010 | June 30, 2010 |

In violation of Title 26, United States Code, Section 7202 and Title 18, United States Code, Section 2.

**COUNTS FOUR -- SIX**
**26 U.S.C. § 7202**
**Failure to Pay Over Employment Taxes**

41. The Grand Jury realleges and incorporates by reference paragraphs 1 through 27, and 31 through 38, and further charges that:

42. On or about the dates listed in the table below, for each count herein, in the District of Massachusetts, HUONG LE and TIEN CHAU did willfully fail to fully collect, account for, and pay over to the Internal Revenue Service all of the federal income taxes withheld and FICA taxes due and owing to the United States on behalf of General Staffing and its employees, for each of the following quarters:

| Count | Date (on or about) | Quarter end |
|---|---|---|
| 4 | April 30, 2010 | March 31, 2010 |
| 5 | October 31, 2010 | September 30, 2010 |
| 6 | January 30, 2010 | December 31, 2010 |

In violation of Title 26, United States Code, Section 7202 and Title 18, United States Code, Section 2.

**COUNTS SEVEN THROUGH TEN**
**26 U.S.C. § 7202**
**Failure to Pay Over Employment Taxes**

43. The Grand Jury realleges and incorporates by reference paragraphs 1 through 27, and 31 through 38, and further charges that:

44. On or about the dates listed in the table below, for each count herein, in the District of Massachusetts, HUONG LE and TIEN CHAU did willfully fail to fully collect, account for, and pay over to the Internal Revenue Service all of the federal income taxes withheld and FICA taxes due and owing to the United States on behalf of Kim's Staffing and its employees, for each of the following quarters:

| Count | Date (on or about) | Quarter end |
|---|---|---|
| 7 | January 30, 2010 | December 31, 2010 |
| 8 | April 30, 2011 | March 31, 2011 |
| 9 | July 31, 2011 | June 30, 2011 |
| 10 | October 31, 2011 | September 30, 2011 |

In violation of Title 26, United States Code, Section 7202 and Title 18, United States Code, Section 2.

**COUNT 11**

**Corrupt Endeavor to Obstruct and Impede the Due Administration of the Internal Revenue Laws**

45. The Grand Jury realleges and incorporates by reference paragraphs 1 through 27, and 31 through 38, and further charges that:

46. Between on or about October 3, 2011 and on or about December 15, 2011, in the District of Massachusetts and elsewhere, HUONG LE and TIEN CHAU, did corruptly endeavor

to obstruct and impede, and did corruptly obstruct and impede, the due administration of the internal revenue laws by the following acts, among others:

a) instructing an employee of the Staffing Agency to tell IRS - Criminal Investigation ("IRS-CI") Special Agents, if asked, that the Staffing Agency never cashed checks;

b) instructing the Staffing Agency employee, after learning of her interview with IRS-CI special agents regarding the criminal investigation, to assist HUONG LE and TIEN CHAU with shredding the Staffing Agency's records and to gather all of the computer disks that contained files relating to the Staffing Agency and leave them on HUONG LE and TIEN CHAU's desk; and

c) destroying and removing records relating to the Staffing Agency from the business's office, removing all computers from the office, and destroying the computer cable and power cords.

In violation of Title 26, United States Code, Section 7212(a) and 18 U.S.C. § 2.

A TRUE BILL *yes*

Date: *3/22/17*

FOREPERSON *Richard Healy*

William D. Weinreb
ACTING UNITED STATES ATTORNEY

By: ______________________
SHAWN NOUD
Trial Attorney
U.S. Department of Justice, Tax Division

By: ______________________
BRITTNEY N. CAMPBELL
Trial Attorney
U.S. Department of Justice, Tax Division

*Jarrett Lovett 3/22/17 @ 4:15PM*
*DEPUTY CLERK*